IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK DIONTAE MORROW, | ) |
| | ) |
| Petitioner, | ) No. 3:06-0955 |
| | ) JUDGE HAYNES |
| | ) |
| WAYNE BRANDON, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Frederick Diontae Morrow, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his state court convictions for felony murder, attempted aggravated kidnaping, and civil rights intimidation, for which he received a sentence of life imprisonment plus nine years. After review of the petition, the Court appointed the Federal Public Defender to represent Petitioner and an amended petition was filed.

In his answer to the habeas corpus petition, Respondent asserts that the petition is barred as untimely under the federal habeas statute of limitations. (Docket Entry No. 16, Answer at pp. 3-6). In response, Petitioner asserts that the Respondent erroneously calculates the limitations period and alternatively, that if his petition is time-barred, Petitioner is entitled to equitable tolling of the statute of limitations. (Docket Entry No. 24). Respondent filed a reply (Docket Entry No. 31) contending, in sum, that however the limitations period is calculated, this action remains untimely filed.

### A. Procedural History

After a January 1996 bench trial, Petitioner was convicted of felony murder, attempted aggravated kidnaping and civil rights intimidation. On December 22, 1998, the Tennessee Court of Criminal Appeals affirmed his convictions and sentence. State v. Morrow, 1998 WL 917802 (Tenn. Crim. App. Dec. 22, 1998). On June 15, 1999, Petitioner filed a late application for permission to

appeal with the Tennessee Supreme Court. (Docket Entry No. 17, Addenda 8 and 9). On May 15, 2000, the Tennessee Supreme Court dismissed the application as untimely. Id. at Addendum No. 11. In its Order, the Tennessee Supreme Court explained that a delayed application could only be submitted under Tenn. Code Ann. § 40-30-201, et seq. Tennessee's Post-Conviction Act. Id.

On November 11, 2002, Petitioner filed his state post-conviction petition and a late filed application for permission to appeal. Id. at Addendum No. 12. On November 15, 2004, the Supreme Court denied the application for permission to appeal. Addendum No. 13. On remand, the state trial court denied Petitioner's post-conviction petition and on appeal, the Tennessee Court of Criminal Appeals affirmed on July 11, 2006. Id. at Addendum No. 18. Petitioner filed this action on September 6, 2006 and his amended petition was filed on April 23, 2007.

## B. Conclusions of Law

The Antiterrorism and Effective Death Act of 1996 sets a one-year statute of limitations for habeas corpus petitions from prisoners in state custody. 28 U.S.C. § 2244(d)(1). The limitations run from the latest of:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In Lindh v. Murphy, 521 U.S. 32 (1997), the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Because Petitioner's direct appeal was

2

pending after 1996, AEDPA's limitations period applies to his claims.

Under 28 U.S.C. § 2244(d)(2), "the time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." <u>Id.</u> (emphasis added). "[A]n application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery." <u>Vroman v. Brigano</u>, 346 F.3d 598, 602 (6th Cir. 2003) (quoting <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." <u>Vroman</u>, 346 F.3d at 602 (quoting <u>Rashid v. Khulmann</u>, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

In <u>Vroman</u>, the habeas petitioner asserted that his state post-conviction petition was timely under Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. The Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction petition is governed by state statute." <u>Id.</u> at 603. As that Court explained:

> "[F]ederal courts ... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." <u>Israfil</u>, 276 F.3d at 771; <u>see also</u> <u>Godfrey v. Beightler</u>, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec.10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In <u>Israfil</u>, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the <u>Israfil</u> court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's

3

> post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603. The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decision on state law or procedure. Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988). Moreover, federal court are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citation omitted).

Here, Petitioner's federal habeas limitations period commenced on February 2, 1999, that is 60 days after the Tennessee Court of Criminal Appeals affirmed Petitioner's convictions and sentences because during this period, the Petitioner could have applied to the Tennessee Supreme Court for permission to appeal under Tenn. R. App. P. 11. ("The application for permission to appeal shall be filed with the clerk of the Supreme Court withing sixty (60) days after the entry of judgment of the . . . . Court of Criminal Appeals if not timely petition for rehearing is filed. . ."). The sixty (60) day period for filing an application for permission to appeal is jurisdictional and may not be extended. See Tenn. R. App. P. 2 and 21(b); State v. Sims, 626 S.W.2d 3 (Tenn. 1981). Thus, the one-year period to file a federal habeas corpus petition began to run on February 22, 1999. Absent a qualifying State proceeding under the AEDPA, Petitioner's federal habeas petition had to be filed by February 2, 2000.

Applying Vroman, the Court concludes that without a timely state post-conviction petition, there was not any tolling of the federal habeas statute of limitations. Petitioner did not file this

action within one year after that his conviction became final and thus, this action is untimely under 28 U.S.C. § 2244(d).

As to Petitioner's equitable tolling contention, Petitioner cites the destruction of his counsel's office in a tornado in January 1999 and his counsel's "misguided efforts to rectify the situation by filing improper Rule 11 pleadings." (Docket Entry No. 24, Petitioner's Response at p. 13). Petitioner argues that during this time, he believed his counsel was pursuing his direct appeal. Petitioner also contends that his direct appeal was incomplete until the Tennessee Supreme Court's November 15, 2004 Order denying his late Rule 11 application.

Equitable tolling is a judicial doctrine that extends to federal habeas action. Souter v. Jones, 395 F.3d 577, 590-91 (6th Cir. 2005). In determining whether equitable tolling should be applied to a statue of limitations, a court must consider: (1) Petitioner's lack of notice of the filing requirement; (2) the Petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice tot the Respondent; and (5) the Petitioner's reasonableness in remaining ignorant to the legal requirement for filing his claim. Souter, 395 F.3d at 588 (quoting Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)). Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstance." Id. at 590-01.

Equitable tolling is appropriate when the prisoner reasonably remains ignorant that the 365-day deadline has begun running. See e.g., Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002). Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002) ("From a litigant's perspective, it is a difficult, if not impossible endeavor, to estimate how long a reviewing court will take to decide a particular motion."). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991); see also Allen v. Yukins, 366 F.3d 396, 403 (2004). Yet, a "[l]awyer's mistake is [generally] not a valid basis for equitable tolling." Whalen v. Randle,

37 Fed. Appx. 114, 129 (6th Cir. 2002); see also Fany v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (attorney's misreading of AEDPA did not require equitable tolling). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." Whalen v. Randle, 37 Fed. Appx. 113, 120 (6th Cir. 2002) (citing Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)). To be sure, errors of the direct-review counsel must be attributed to the State, Coleman v. Thompson, 501 U.S. 722, 754 (1991), but not discretionary appeals. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (citations omitted).

"Absent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim and thus would not be entitled to equitable tolling of the limitations period. Dunlap, 250 F.3d at 1010. Where a habeas petitioner assert a lack of knowledge or notice of the filing requirement, this Court examines his diligence in pursuing his rights and the reasonableness of his ignorance, and the effect of his delay. See Jurado v. Burt, 337 F.3d 638, 643 (6th Cir. 2002).

Petitioner correctly notes in the post-conviction proceeding, the Respondent conceded that Petitioner should be allowed a delayed appeal. Yet, assuming Petitioner's late-filed application for permission to appeal is a qualifying state court action, on May 15, 2000, the Tennessee Supreme Court denied Petitioner's first late filed application. Between May 15, 2000 and November 2002, Petitioner did not have a pending state court action. Petitioner did not file his State post-conviction petition until November 18, 2002. Under Vroman, "once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." 346 F.3d at 602 (6th Cir.

2003). Thus, at that point, the federal habeas limitation period had expired. This conclusion renders moot an analysis of Jones v. State, M1999-02335-CCA-R3-CD (Tenn. Crim. App., filed Nov. 9, 2000) and Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App., Sept. 30, 1998), cited by the parties on the procedure for a post-conviction petitioner to pursue a delayed direct appeal by application for permission to appeal. Once the federal limitations period expires, a subsequent state proceeding cannot revive the one year period for habeas actions.

For these reasons, the Court concludes that this action is untimely and that the circumstances of this action do not justify the application of the equitable tolling doctrine.

An appropriate Order is filed herewith.

ENTERED this the ___10th___ day of February, 2010.

                                          WILLIAM J. HAYNES, JR.
                                          United States District Judge